**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUSTIN CHAY-SAY, AKA Agustino Chavez-Dominguez, AKA Agustin Chay, | No. 18-72475 19-70726 |
| Petitioner, | Agency No. A205-578-033 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

In these consolidated petitions for review, Agustin Chay-Say, a native and

citizen of Guatemala, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for withholding of removal and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and the BIA's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petitions for review.

Substantial evidence supports the agency's determination that Chay-Say failed to establish that he would be persecuted on account of his family membership. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Chay-Say's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Chay-Say failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See*

*Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

We do not consider Chay-Say's contentions regarding the IJ's adverse credibility determination because the BIA did not reach that issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA).

The BIA did not abuse its discretion in denying Chay-Say's motion to reopen. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

Chay-Say's opposed motion for stay of removal is denied as moot.

**PETITIONS FOR REVIEW DENIED.**

18-72475